UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janet M. Raymond

  v.          Case No. 18-cv-114-PB

United States Department of Agriculture

**REPORT AND RECOMMENDATION**

  Proceeding pro se, Janet M. Raymond filed an action in state court seeking to stop the United States Department of Agriculture ("government" or "USDA") from foreclosing on her property in Claremont, New Hampshire. See doc. no. 1-1. The government removed the action to this court (doc. no. 1) and timely answered the complaint (doc. no. 3). On March 27, 2018, Ms. Raymond filed a "Motion to Stop House Auction and Filing Tort Act." See doc. no. 4. In that motion, Ms. Raymond sought to stop a foreclosure sale scheduled for April 2018 and suggested that the government's actions constituted negligent or fraudulent misrepresentation.

  Construing Ms. Raymond's motion as one for preliminary injunctive relief, the district judge referred it to the undersigned magistrate judge for report and recommendation. See March 28, 2018 Endorsed Order. The government, in response, indicated that it would postpone any foreclosure sale until this litigation was resolved. See doc. no. 5. On this basis, the

undersigned recommended that Ms. Raymond's motion be denied without prejudice to the extent it sought to stop the foreclosure sale.  See April 5, 2018 Report and Recommendation (doc. no. 6).  The district judge approved that recommendation.  See May 10, 2018 Order (doc. no. 12).

Because it did not pertain to the request for injunctive relief, the undersigned did not address in the report and recommendation Ms. Raymond's suggestion that the government's actions constituted a negligent or fraudulent misrepresentation.  The government now contends that to the extent this suggestion might be construed as a claim for relief, it must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  See doc. no. 10.  Ms. Raymond objects.  See doc. no. 13.  The district judge referred this matter to the undersigned for report and recommendation.  Concluding that Ms. Raymond did not exhaust her administrative remedies as required by the Federal Tort Claims Act (FTCA), the court recommends that the district judge grant the government's motion.

## Standard of Review

When considering a Rule 12(b)(1) motion, the court "accept[s] as true all well-pleaded facts and indulge[s] all

2

reasonable inferences in the plaintiff['s] favor." Reddy v. Foster, 845 F.3d 493, 497 (1st Cir. 2017) (brackets, ellipsis, internal quotation marks, and citations omitted). The court may also consider other materials in the record, "whether or not the facts therein are consistent with those alleged in the complaint." Id. (citation omitted). This standard informs the following analysis.

## Discussion

In deference to Ms. Raymond's pro se status, the court will briefly explain at the outset why Rule 12(b)(1), and not the more commonly invoked Rule 12(b)(6), applies under the present circumstances. A motion brought under Rule 12(b)(6) asserts that even when construed in the light most favorable to the plaintiff, the facts alleged in a complaint do not state a plausible claim for relief. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014). Thus, when ruling on a Rule 12(b)(6) motion, the court focuses on the legal sufficiency of the plaintiff's factual allegations. In contrast, a Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction over the dispute, i.e., whether the complaint alleges a "case" or "controversy" a federal court is permitted to consider under Article III of the United States Constitution.

See Reddy v. Foster, 845 F.3d 493, 499 (1st Cir. 2017). Because this analysis focuses on whether a court may adjudicate a dispute in the first place, it may not require that the court consider the merits of the specific facts alleged in the complaint.

Under New Hampshire law, claims for negligent or fraudulent representation sound in tort. See Wyle v. Lees, 162 N.H. 406, 410 (2011) (negligent misrepresentation); Tessier v. Rockefeller, 162 N.H. 324, 334 (2011) (fraudulent misrepresentation). There is an added wrinkle in this case, however, because Ms. Raymond seeks to bring these claims against the United States, and "[f]ederal courts lack jurisdiction over claims against the United States unless the Government has waived its sovereign immunity." Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014). The FTCA serves as a limited waiver of that immunity for torts committed by government employees acting within the scope of their employment. See id.; see also 28 U.S.C. § 1346(b)(1). But the FTCA does not waive sovereign immunity unless a plaintiff first exhausts her administrative remedies by "presenting" her claim to the appropriate administrative agency. See 28 U.S.C. § 2675(a). The First Circuit has held that "the FTCA's exhaustion requirement is . . . jurisdictional." Acosta v. U.S. Marshals

Serv., 445 F.3d 509, 514 (1st Cir. 2006).  This means a federal court lacks subject-matter jurisdiction over an FTCA claim if it was not first presented for administrative review.[1]

The government contends that is the case here.  In support of this contention, the government submits the affidavit of Brian A. Mizoguchi, who serves as Acting Assistant General Counsel in USDA's General Law and Research Division.  See doc. no. 10-1 ¶ 1.  Attorney Mizoguchi states that he conducted a search for any administrative claims submitted by or on behalf of Ms. Raymond under the FTCA.  See id. ¶ 3.  He indicates that the USDA has no record of Ms. Raymond or someone operating on her behalf having filed the standard claim form — Standard Form 95 — or any other written notification of the tort claim asserted in this action.  See id. ¶ 4.  Based on these representations, the government contends that Ms. Raymond never presented her negligent or fraudulent misrepresentation claim as

---

[1] In United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015), the Supreme Court held that the FTCA's statute of limitations is not jurisdictional.  See id. at 1633.  In the wake of this decision, the vast majority of courts have distinguished the FTCA's limitations period from its exhaustion requirement and held that the latter remains a jurisdictional prerequisite.  See Rosario v. Brennan, 197 F. Supp. 3d 406, 411-12 (D. Conn. 2016) (collecting cases).  In this case, the government does not contend that Ms. Raymond filed an untimely request for administrative review, but rather that she never sought to exhaust her remedies in the first place.  Thus, Kwai Fun Wong does not apply.

the FTCA requires.

Ms. Raymond does not allege in her complaint or subsequent filings that she did in fact seek administrative review of her tort claim. Nor has she presented any evidence to counter Attorney Mizoguchi's affidavit. Instead, Ms. Raymond requests in her objection that the court not dismiss her misrepresentation claim without first permitting discovery. See doc. no. 13 at 2. Were the court assessing this claim on the merits, Ms. Raymond's request might have some force. But as previously discussed, the court's inquiry is limited to whether it has jurisdiction to adjudicate the misrepresentation claim at all. As the government has presented evidence that Ms. Raymond failed to exhaust her administrative remedies, and Ms. Raymond has failed to counter that evidence, the court concludes that it does not.

It bears acknowledging, as the government does in its motion, that Ms. Raymond did attach a Standard Form 95 to her March 27 motion. See doc. no. 4-2. Yet despite receiving multiple extensions to respond to the government's motion, Mr. Raymond neither argues that she submitted this form to the USDA nor otherwise presents evidence suggesting that she did so. For his part, Attorney Mizoguchi avers that he is "not aware of any evidence that this document was sent by Ms. Raymond . . . to the

6

USDA's Concord Office or any other USDA office."  Doc. no. 10-1 ¶ 5.  Under these circumstances, the court cannot reasonably infer from the mere existence of this document in the record that Ms. Raymond sought to exhaust her remedies here.  And in any event, the Standard Form 95 in question does not contain a sum certain demand for damages, which the First Circuit has held is an "essential element" of an administrative claim under the FTCA.  See Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017).

## Conclusion

In sum, the court concludes that Ms. Raymond did not exhaust her administrative remedies, and that the court accordingly does not have subject-matter jurisdiction over her negligent or fraudulent misrepresentation claim.  The district judge should therefore grant the government's motion to dismiss that claim (doc. no. 10).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

<pre>
                              _____
                              Andrea K. Johnstone
                              United States Magistrate Judge
</pre>

August 7, 2018

cc:   Janet M. Raymond, pro se
      Michael T. McCormack, Esq.